competent evidence before the court, in the face of the answers, which requires further investigation.

The application is therefore denied, with $50 costs and disbursements against the petitioners. All concur; BETTS, J., in result.

---

## SMITH v. COLUMBIA INS. CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

1. INSURANCE (§ 390\*)—MISREPRESENTATION BY INSURED—EFFECT.
   A fire insurance company is liable for loss pending expiration of the 10 days' notice of cancellation of a policy, even if the policy was obtained by misrepresentation, where the company did not seek to rescind immediately on discovering the fraud.

   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 390.\*]

2. WITNESSES (§ 268\*)—CROSS-EXAMINATION—SCOPE.
   On cross-examining one claimed by plaintiff to have been defendant's agent, plaintiff could ask him if he did not tell plaintiff that he was acting for defendant; such statement being part of a conversation testified to, and not offered or received to prove agency.

   [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 268.\*]

Appeal from Trial Term, Albany County.

Action by Michael T. Smith against the Columbia Insurance Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Robert E. Whalen, for appellant.

Walter H. Wertime, for respondent.

PER CURIAM. Whether Soden was defendant's agent or not, the defendant adopted his act in binding it to insurance in signing as agent of defendant the application of January 19, 1909.

[1] There was no express warranty of type or cost of the automobile on the part of the plaintiff, and the answer alleges only misrepresentation and deceit respecting these matters. Such representations in the application the defendant realized could not be true, and so stated, but voluntarily took the risk of issuing a policy for the amount of $2,500 until further information could be obtained. When further information was obtained, the defendant did not offer to surrender the policy, because it had been procured by fraud, but treated it as a valid one, giving the 10 days' notice of cancellation stipulated in the policy. The fire occurred before that notice expired.

[2] It was not error to permit the plaintiff to ask Soden, on cross-examination, if he did not tell the plaintiff that he was acting for the company. It was part of the conversation had, and was not received for the purpose of showing agency, and the court instructed the jury that it did not prove that fact.

The judgment and order should be affirmed, with costs.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes